**Lonnie EVERETT, Petitioner–Appellant,**

v.

**Dick CLARK, Warden, Respondent–Appellee.**

**No. 02–55464.**

**D.C. No. CV–01–08690–ER.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Lonnie Everett appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to state claims which warrant habeas corpus relief. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir.2001), and we affirm.

Everett stated in his section 2241 petition that prison officials sanctioned him with seven days of segregation [1] and loss of 30 days of commissary privileges, 13 days of good time credit, and his prison job. Everett, however, only requested relief for his time in segregation and loss of commissary and therefore failed to state a cognizable claim under section 2241. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (stating that habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement, while a civil rights action is the proper method of challenging conditions of confinement). Accordingly, the district court properly dismissed Everett's

petition without prejudice and granted him leave to file an amended petition.[2]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the district court noted, the length of segregation is unclear; Everett also claimed that the period of segregation was 14 days.

2. We do not address Everett's contentions on appeal that his good time credits and job should be restored because these contentions

were not properly raised in the district court. Respondent–Appellee's Motion to Expand the Record to include the petition for writ of habeas corpus filed on June 10, 2002, in *Everett v. Clark*, CV 02–4525–ER, is denied as unnecessary.

